**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DERRICK BERNARD JACKSON,** | : | |
| **Petitioner,** | : | |
| **V.** | : | **NO. 5:26-cv-00215-MTT-ALS** |
| **STATE OF GEORGIA, *et al.*,** | : | |
| **Respondents.** | : | |

## ORDER

Petitioner Derrick Bernard Jackson, a prisoner in the Irwin County Detention Center in Ocilla, Georgia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his May 7, 2025, conviction in the Baldwin County Superior Court. ECF No. 2. Petitioner also filed two motions seeking his release on bail while this action is pending. ECF Nos. 4 & 5. The Magistrate Judge found that Petitioner did not meet the requirements for bail pending consideration of a habeas petition and therefore denied those motions. ECF No. 7 at 2-3. The Magistrate Judge also denied Petitioner's motion to proceed in this action *in forma pauperis* ("IFP") and ordered him to either pay the $5.00 filing fee for this case or file an updated motion to proceed IFP.

Thereafter, Petitioner filed an objection to the denial, a motion to alter or amend the judgment, and a motion for an evidentiary hearing challenging the Magistrate Judge's decision. ECF Nos. 8-10. He also paid the filing fee, but his payment was not docketed at that time. This Court considered Petitioner's filings, overruled his objections, and

denied the motions. ECF No. 11 at 2-5. Because the docket did not reflect that the filing fee had been paid, this Court also ordered Petitioner to show cause why the petition should not be dismissed based on his failure to pay the fee or file a new IFP motion. *Id.* at 1-2.

Petitioner has now filed a supplemental motion for bail pending final determination (ECF No. 12), a motion to alter the judgment (ECF No. 13), a second supplemental motion for bail (ECF No. 15), a second motion to alter or amend the judgment (ECF No. 20), and an emergency motion for ruling on his post-judgment motion (ECF No. 23). In each of these motions, Petitioner continues to argue that he is entitled to be released on bail while this case is pending. Petitioner has also filed a notice of interlocutory appeal (ECF No. 14) and a motion for leave to proceed IFP (ECF No. 21), which appears to be seeking leave to proceed IFP in his appeal.[1]

I. Motions Relating to the Denial of Release on Bail[2]

A. Supplemental Motion for Bail

As noted above, the Magistrate Judge denied Petitioner release on bail, Petitioner

[1]The Eleventh Circuit has found that one of Petitioner's motions (ECF No. 20) is properly construed as a timely tolling motion. *Jackson v. Georgia*, Appeal No. 26-13235 (11th Cir. Oct. 5, 2026), ECF No. 5. Accordingly, the Eleventh Circuit concluded that jurisdiction remains with this Court and suspended all appeal deadlines pending this Court's resolution of the motion. *Id.*

[2]Since the outset of this case, Petitioner has filed ten separate motions or supplements to motions relating to his contention that he is entitled to bail pending the resolution of this habeas petition. Petitioner should be aware that these motions are bordering on an abuse of the judicial process. In proceeding with this case, Petitioner should present all arguments regarding a motion in the motion initially, rather than filing piecemeal or repetitive arguments relating to the same request for relief. If Petitioner believes there is a basis for doing so, he may object or file a motion for reconsideration consistent with this Court's Local Rules and the Federal Rules of Civil Procedure, but continuing to file repetitive or vexatious motions may subject Petitioner to sanctions.

objected to the denial of bail, and this Court overruled his objections. ECF Nos. 7-11. The first of Petitioner's pending motions was docketed the day after this Court entered the order overruling Petitioner's objections. ECF No. 12. If this Court applies the prison-mailbox rule to this motion, it was effectively filed when Petitioner mailed it, which was necessarily before the order overruling Petitioner's objections was entered.

Thus, the Court construes this motion as a supplemental objection to the motion denying bail. Petitioner dated this motion August 10, 2026. *Id.* at 4. Accepting that as the date he filed it, the motion was filed more than fourteen days after the Magistrate Judge entered the order denying him bail, and thus, it is untimely as an objection to that order. *See* Fed. R. Civ. P. 72(a) (providing that an objection to a magistrate judge's order resolving a non-dispositive pretrial order must be filed within fourteen days after being served with a copy of such order). Regardless, nothing in the motion provides a basis for altering the Magistrate Judge's order.

This Court reviews a magistrate judge's order to which objections have been filed to determine whether the order is "clearly erroneous or contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). In the motion, Petitioner sets out the timeline for the post-conviction relief that he sought in the trial court. ECF No. 12 at 1-3. He then states that the timeline shows that an evidentiary hearing is necessary to determine whether the trial court's delays have been justified and issue an order granting bail if they were not. *Id.* at 4. Petitioner cites *Dixon v. Florida*, 388 F.2d 424 (5th Cir. 1968), in support of his motion.

In *Dixon*, the district court dismissed a petitioner's federal habeas corpus petition for failure to exhaust his state court remedies. 388 F.2d at 425. The petitioner had filed a post-conviction motion in the sentencing court, but that court had not yet ruled on the motion. *Id.* Recognizing that the sentencing court had delayed resolution of the petitioner's post-conviction motion for nineteen months, the Eleventh Circuit concluded that it was unclear whether the petitioner's state remedies could be considered adequate and effective. *Id.* at 426. The Court held that the district court had erred by dismissing the petition without holding an evidentiary hearing to determine whether the state court's delay was justified. *Id.* Further, the Court instructed that, if the delay was unjustified, "the petition should be heard on its merits." *Id.*

*Dixon* concerned whether the petitioner had effectively exhausted his state court remedies. It has no bearing on whether Petitioner is entitled to release on bail pending resolution of his habeas corpus petition, and thus, it would not have changed this Court's decision to overrule Petitioner's objections. Accordingly, to the extent that it is seeking bail pending resolution of the habeas petition, this motion (ECF No. 12) is **DENIED**.[3]

B. Motion to Alter Judgment

As with the first supplemental motion, Petitioner's motion to alter or amend the judgment denying him bail was docketed the day after this Court's order overruling his

[3] To the extent that Petitioner has not yet fully exhausted his state court remedies, this argument may be relevant to whether his writ petition can proceed in this Court, but that is a separate issue that is not presently before the Court.

objections was entered. Thus, it is also construed as an objection to the Magistrate Judge's order.[4]

In this motion, Petitioner first cites several cases in which he says that the court concluded that a short or expiring sentence did not amount to special circumstances requiring bail in a habeas corpus case. ECF No. 13 at 1-5. Thus, he seems to be arguing that the Magistrate Judge wrongly concluded that a short sentence could provide a basis for granting bail. *See id.* These cases do not support Petitioner's claim that he was entitled to bail.

Under established precedent, a prisoner seeking release on bond while a habeas corpus case is pending must establish both "a likelihood of success on the merits of a substantial constitutional claim" and "extraordinary and exceptional circumstances . . . which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990) (citing *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)).[5] The examples of extraordinary circumstances that have been recognized include "short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review

[4]Petitioner dated this motion July 12, 2026. ECF No. 13 at 10. Under the prison-mailbox rule, if he actually placed the motion in the hands of prison officials on that date, it would be timely as an objection to the Magistrate Judge's order. Regardless, the Court does not need to determine whether this motion was timely, as it does not provide a valid basis for altering the Magistrate Judge's order, as discussed herein.

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

truly effective." *Calley*, 496 F.2d at 702 n.1. Insofar as Petitioner is serving a twenty-year sentence, the length of his sentence does not show that release on bail is necessary to preserve the effectiveness of the relief sought. The fact that shorter sentences were also found in certain cases to not present extraordinary circumstances only strengthens the conclusion that Petitioner's more lengthy sentence does not present such circumstances.

Petitioner next contends that in *Calley*, 496 F.2d 701, the Court noted that a "greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where [the] applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt." ECF No. 13 at 6. This statement comes from a footnote in *Calley*, in which the Court was quoting from a separate case. *Id.* Petitioner argues that he should not be held to a higher standard because "there has been no judicial determination of guilt as [the trial court judge] has blocked [Petitioner's] right to appeal and appeal bond for 14 months." *Id.* Petitioner, however, was tried and convicted in the state court. Thus, there has been a judicial determination of guilt, even if Petitioner has not yet been able to complete his appeal.

Petitioner next cites two cases that he says are contrary to the Magistrate Judge's conclusion that his twenty-year sentence did not provide a basis for finding that bail was appropriate. *Id.* at 7-8. Petitioner asserts that he "has shown extraordinary circumstances that he is imprisoned on a civil contract dispute, disguised as theft by deception, that it is legally impossible to commit that of his own property, and the jury verdict violates the federal constitution." *Id.* at 8. He further contends that the delay in resolving his post-

conviction motions constitutes extraordinary circumstances warranting the grant of bail. *Id.* These are the same arguments Petitioner has made in previous filings, which do not show that the Magistrate Judge clearly erred or issued a decision contrary to law.

Next, Petitioner cites *Alcocer-Roa v. United States*, 2020 WL 3118307, at *3 (S.D. Fla. June 11. 2020), where the court stated that the power to grant a 28 U.S.C. § 2255 movant bail should be used sparingly because it is unlikely that the movant was unjustly convicted if his conviction has already been affirmed on appeal. Although Petitioner's conviction in this case has not been affirmed on appeal at this time, that does not change the conclusion that Petitioner's case does not present the type of extraordinary circumstances necessary to grant a habeas petitioner release on bail while his petition is pending, namely extraordinary circumstances that make bail necessary to preserve the effectiveness of the relief. Nothing in this motion supports overturning the Magistrate Judge's order, and thus, the motion (ECF No. 13) is **DENIED**.

C. Second Supplemental Motion

Petitioner's second supplemental motion asserts that his state court appeal "is still being obstructed" and that he is being discriminated against. ECF No. 15 at 1. Petitioner asserts that he has repeatedly requested transcripts of the state court proceedings but that they have not been provided to him. *Id.* at 2. Petitioner asserts that this constitutes exceptional circumstances that warrant granting him bail pending resolution of his habeas petition. *Id.* at 3. The state's failure to provide Petitioner with transcripts does not provide a basis for granting Petitioner bail in this proceeding. Therefore, this motion (ECF

No. 15) is also **DENIED**.

D. Motion to Alter or Amend the Judgment

Petitioner's fourth motion is brought under Fed. R. Civ. P. 59(e). "'[M]otions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same). Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

In this motion, Petitioner notes that *Calley*, 496 F.2d 701, included "extraordinary delay in processing a habeas corpus petition" as a possible reason for granting bail. Petitioner takes issue with this Court relying on that case "while simultaneously refusing

to issue a show cause order, while losing [his] payment for nearly four months." ECF No. 20 at 2. Petitioner reiterates his argument that his appeal has not been rejected, and thus, he believes that he is entitled to release on bail pending resolution of this case. *Id.* at 3-4.

Petitioner also asserts that, after he filed a motion for a writ of mandamus seeking a writ requiring the Baldwin County Superior Court Clerk to transmit the appeal record for his case, the Clerk sent a letter stating that the court reporter had been in a fatal automobile accident. *Id.* at 4-5. Petitioner contends that all of the transcripts were filed before he filed his notice of appeal, suggesting that the court reporter's accident did not delay production or transmission of the transcripts. *Id.* at 5. Finally, Petitioner asserts that he filed a state court petition for a writ of habeas corpus, which was dismissed because he had an appeal pending in the Georgia Supreme Court in addition to his habeas corpus case pending in this Court. *Id.*

Petitioner's arguments do not establish the grounds necessary for granting relief under Rule 59(e). Moreover, none of the arguments presented in this motion demonstrates that Petitioner should be granted bail while his habeas petition is pending. As has already been explained, a prisoner seeking release on bond while a habeas corpus case is pending must establish both "a likelihood of success on the merits of a substantial constitutional claim" and "extraordinary and exceptional circumstances . . . which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez*, 899 F.2d at 1125 (11th Cir. 1990) (citing *Calley*, 496 F.2d at 702.

Petitioner has not established either of these conditions. As to the first, his one-sided presentation of the facts does not establish a likelihood of success on the merits of his claims. And as to the second, the state trial court's delay in processing his post-conviction motions does not present extraordinary circumstances that show that bail is "necessary to preserve the effectiveness of the habeas corpus relief sought." *See id.* Therefore, this motion (ECF No. 20) is also **DENIED**.

E. Emergency Motion for Ruling

Most recently, Petitioner has filed an emergency motion for ruling on his post-judgment motion. ECF No. 23. To the extent that Petitioner intended this motion only to seek a ruling on his prior motions, it is **DENIED as unnecessary** as those motions have been considered and adjudicated herein.

Petitioner also again argues in this motion that he should be released on bail because of delays in resolving his claims. *Id.* at 1-4. Petitioner cites *Dawkins v. Crevasse*, 391 F.2d 921 (5th Cir. 1968), in which the Court found that a writ of habeas corpus should have been issued ordering the release of the appellants on bail pending an appeal. That case, however, predates the cases on which this Court relied in denying Petitioner's motion. Moreover, *Dawkins* includes only minimal discussion of the facts, does not address the considerations set out in *Gomez*, and does not establish that bail is required in Petitioner's case. Thus, this motion (ECF No. 23) is **DENIED**.

II. Motion for Leave to Appeal IFP

With regard to Petitioner's motion for leave to proceed IFP on appeal, Petitioner

seeks to appeal the order denying bond pending resolution of the habeas petition. ECF No. 16. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Petitioner did not submit an updated certified copy of his trust fund account statement. But the account certification that Petitioner filed in this Court on May 27, 2026, ECF No. 1-1, suggests that he would not be able to prepay the $605.00 appellate filing fee.

Next, the Court must determine if the petitioner has satisfied the good faith

requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Petitioner has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in Petitioner's motions, the Magistrate Judge's order, this Court's previous order, and the present order demonstrates that this appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the petitioner). The appeal, therefore, is not brought in good faith. Petitioner has raised no

issues with arguable merit.

Consequently, Petitioner's application to appeal in forma pauperis (ECF No. 21) is **DENIED**. If Petitioner wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee. Because Petitioner has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Petitioner is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Petitioner's account (to the extent the account balance exceeds $10) until the $605.00 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Petitioner is incarcerated.

Petitioner has not moved for a certificate of appealability ("COA"), but to the extent that one is required, the Court may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017) (citation omitted). For the reasons discussed above, Petitioner has not made such a showing. Therefore, a COA is also **DENIED**.

**SO ORDERED**, this 23rd day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT